**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Johnny Neal Sexton, II, Appellant.

Appellate Case No. 2015-001055

Appeal From Lexington County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2017-UP-454
Heard October 4, 2017 – Filed December 6, 2017

**AFFIRMED**

Appellate Defender Lanelle Cantey Durant, of Columbia, for Appellant.

Attorney General Alan Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, and Solicitor Donald V. Meyers, of Lexington, all for Respondent.

**PER CURIAM:** In this criminal appeal, Johnny N. Sexton appeals his convictions of three counts of unlawful conduct toward a child and consecutive sentences of eight years' imprisonment for each conviction. Sexton argues the

circuit court erred in admitting the testimony of Officer Mike Merckle in violation of Rule 702, SCRE; and admitting the testimony of Olivia Woods, a Department of Social Services caseworker, in violation of Rules 403 and 404, SCRE.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Haselden*, 353 S.C. 190, 196, 577 S.E.2d 445, 448 (2003) (providing the admission of improper evidence is subject to a harmless error analysis); *State v. McLeod*, 362 S.C. 73, 82, 606 S.E.2d 215, 220 (Ct. App. 2004) ("Error is harmless whe[n] it could not reasonably have affected the result of the trial."); *id.* at 84–85, 606 S.E.2d at 221 (finding that even if the circuit court erred in admitting testimony, the error would be harmless given the overwhelming evidence against the defendant); *State v. Holder*, 382 S.C. 278, 289, 676 S.E.2d 690, 696 (2009) (holding the erroneous admission of evidence is harmless when, in view of the record as a whole, the impact of the evidence was minimal and it was cumulative to other evidence admitted without objection); *State v. Thompson*, 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct. App. 2003) ("Whe[n] a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**